UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CIVIL ACTION NO.:

NATIONAL ASSOCIATION OF THE DEAF, and
EDDIE I. SIERRA,

    Plaintiffs,

vs.

STATE OF FLORIDA,
THE FLORIDA SENATE,
THE HONORABLE JOE NEGRON, in his official capacity as President of the Florida Senate
THE FLORIDA HOUSE OF REPRESENTATIVES,
THE HONORABLE RICHARD CORCORAN, in his official capacity as Speaker of the Florida House of Representatives,
FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, the public body corporate acting for and behalf of Florida State University and
JOHN THRASHER, in his official capacity as President of Florida State University.

    Defendants.
_____/

**COMPLAINT**

The Plaintiffs, THE NATIONAL ASSOCIATION OF THE DEAF and EDDIE SIERRA, by and through undersigned counsel, hereby file this Complaint against the State of Florida, the Florida Senate, the Honorable Joe Negron in his official capacity as President of the Florida Senate, the Florida House of Representatives, the Honorable Richard Corcoran, in his official capacity as Speaker of the House of Representatives, Florida State University Board of Trustees, acting for and on behalf of Florida State University (hereinafter FSU) and John Thrasher, in his official capacity as President of Florida State University, for declaratory and injunctive relief and other relief including compensatory damages, and in support thereof state as follows.

1

# INTRODUCTION

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 504 of the Rehabilitation Act of 1973 to redress unlawful disability-based practices and to make Plaintiffs whole. This action is brought against the State of Florida, the Florida Senate, the Honorable Joe Negron in his official capacity as President of the Florida Senate, the Florida House of Representatives, the Honorable Richard Corcoran, in his official capacity as Speaker of the House of Representatives, FSU, and John Thrasher, in his official capacity as President of Florida State University (collectively, "Defendants"). Defendants are public entities which denied Eddie I. Sierra and other members of the National Association of the Deaf ("NAD") captioning for Defendants' online live streaming and archived audios/videos of legislative proceedings. In so doing, Defendants denied Eddie I. Sierra and other members of the NAD accessible means to observe legislative proceedings, so they can meaningfully participate in the democratic process of self-government.

2. Defendants have refused to provide captioning even though Plaintiff Sierra requested that Defendants provide auxiliary aids and services—captions—for their online content in a timely and accurate fashion. In the more than nine months that have elapsed since the request, Defendants have not provided captions or any other auxiliary aids or services for their online audio/video content.

3. Plaintiffs bring this action against Defendants to enforce Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act requiring that Defendants provide meaningful access to Plaintiffs and deaf and hard of hearing individuals.

4. Plaintiffs seek injunctive and declaratory relief and compensatory damages to

2

ensure that deaf and hard of hearing individuals have meaningful access to Defendants' publicly available online content.

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, and 1343.

6.  On best information and belief, Defendants' unlawful practices continue to occur in the Southern District of Florida and all of the State of Florida. Per 28 U.S.C. § 1391, venue is proper within the Southern District of Florida because Mr. Sierra and other members of the NAD reside within the District; and Defendants' websites are intended for and viewed by people within the District.

7.  Unless Defendants are required to eliminate the communication barriers at issue and to change their policies so that communication barriers do not reoccur on Defendants' website, Plaintiffs will continue to be denied meaningful access to the live and archived audio/video content on Defendants' websites and Defendants' other social media including YouTube and Facebook pages.

8.  Plaintiff Eddie Sierra filed a complaint with the Federal Communications Commission (FCC) pursuant to the Communications Video Accessibility Act regarding the lack of captioning for live and archived audios/videos of legislative proceedings and archived legislative proceedings. In response, Defendants stated that these legislative proceedings are not shown on television and asserted that FCC regulations do not apply to the online content. *See attached as Exhibit 1*. After receiving this letter, the FCC dismissed the complaint. *See attached as Exhibit 2*. Plaintiffs have therefore exhausted any and all remedies available under the CVAA

prior to filing this lawsuit pursuant to the Americans with Disabilities Act and Rehabilitation Act.[1]

**PARTIES**

9. Plaintiff NAD is a membership civil rights organization comprised of individuals who are deaf or hard of hearing from all fifty states and Washington, D.C.

10. The NAD's members include individuals who are substantially limited in the major life activities of hearing and/or speaking.

11. The NAD advocates, *inter alia*, for the full and equal participation of its members in all aspects of society. The organization is devoted to the goal of full inclusion, equality, and civil rights for its members, who are deaf or hard of hearing individuals and whose lives are directly affected by hearing loss, including family members and professional service providers. The organization's work is based on a close association with its members. There are deaf or hard of hearing NAD members who are unable to access Florida's state legislative proceedings and have standing in their own right to sue Defendants. Accordingly, the interests that the NAD seeks to protect through this litigation are germane to its mission and purpose. None of the NAD members are required to participate in this action because the NAD is seeking declaratory and injunctive relief, and not an individualized remedy for its members.

12. Plaintiff Eddie Sierra is an individual with a hearing disability in that Plaintiff is deaf. He is a disability rights advocate serving on and participating in disability rights boards in South Florida. He is substantially limited in the major life activity of hearing.

13. Plaintiff Sierra is an individual with a disability because he is deaf. Plaintiff is a

---

[1] Although Plaintiffs have in fact exhausted remedies under the CVAA, they do not concede that such exhaustion is required prior to filing a complaint under the Americans with Disabilities Act or Rehabilitation Act.

4

qualified individual with a disability because he is qualified to seek access Defendants' video and audio streaming program or service.

14. Due to his disability, Plaintiff Sierra requires auxiliary aids and services, such as captioning services, to be able to participate in and benefit from the Defendants' online video and audio content.

15. Plaintiff Sierra is a member of the NAD.

16. Defendant State of Florida is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient of federal financial assistance under the Rehabilitation Act of 1973.

17. Defendant Florida Senate is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient of federal financial assistance under the Rehabilitation Act of 1973.

18. Defendant Joe Negron is the President of the Florida Senate. Defendant Negro is being sued only in his official capacity.

19. Defendant Florida House of Representatives is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient of federal financial assistance under the Rehabilitation Act of 1973.

20. Defendant Richard Corcoran is the Speaker of the Florida House of Representatives and acts as the presiding officer. Defendant Corcoran is being sued only in his official capacity.

21. Defendant Florida State University Board of Trustees (FSU) is the public body corporate of Florida State University. It sets policy for the institution and serves as the

institution's legal owner and governing board. It is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient of federal financial assistance under the Rehabilitation Act of 1973.

22.     Defendant John Thrasher is the President of Florida State University. Defendant Thrasher is being sued only in his official capacity.

## GENERAL ALLEGATIONS

23.     The Florida Senate has a website that has live streaming of legislative proceedings and archived audios/videos of such proceedings. Such content is not captioned.

24.     The Florida House of Representatives has live streaming of legislative proceedings and archived audios/videos of such proceedings. Such content is not captioned.

25.     FSU owns or operates WFSU which operates, *inter alia*, a website that has live streaming of legislative proceedings and archived audios/videos of such proceedings. Although WFSU has a television station called The Florida Channel that provides captioned content, the live and archived audios/videos of legislative proceedings are not shown on television and are not captioned online. *See Exhibit 1*.

26.     The live and archived legislative proceedings displayed on all Defendants' websites show the legislative chambers receiving information and statements from the public; engaging in debates; and negotiating and voting on issues concerning civil rights, transportation, voting rights, education, housing, taxes, spending, conservation, discrimination and rights of gun owners and victims of gun violence. The Florida legislative proceedings have a direct effect on the citizens of the State of Florida.

27.     Defendants have also posted videos to social media such as YouTube and

6

Facebook pages. These videos are also not captioned.

28. Plaintiff Sierra is a concerned citizen who is interested in state legislative issues and has spoken with members of the legislature. He wants to better understand legislative proceedings, so he can understand the deliberative process as it unfolds and make decisions as an informed citizen whether to contact state representatives about a bill of particular importance to him and how to vote in state legislative elections. Sierra is involved in advocating for services for the elderly and individuals with disabilities. He would like to be able to watch legislative proceedings including but not limited to budget committee meetings, the Appropriations committee meetings, and meetings of the legislative chambers where the funding for Medicaid and the Department of Children and Family Services are discussed and voted on. The outcomes of these and other votes directly impact his advocacy and funds available for services for the elderly and persons with disabilities.

29. Plaintiff Sierra and other members of the NAD were also unable to access recent legislative proceedings regarding gun control after the Parkland shooting.

30. None of the live or archived audios or videos of legislative proceedings are accessible to Plaintiff Sierra or other members of the NAD because they cannot understand the audio content.

31. Persons who are not limited in the major life activity of hearing can use the Defendants' live streaming and on demand video service to watch and listen to Defendants' legislative decision-making activities via the live streaming service. They are also able to meaningfully use and benefit from Defendants' archived audios/videos.

32. Plaintiff Sierra and other members of the NAD are prevented from observing

Defendants' live streamed legislative proceedings or viewing archived content because of their hearing disability.

33. Plaintiff Sierra and other members of the NAD will return to the Defendants' website in the near future to use their video/audio archives and live-streaming services of future legislative proceedings and other activities, but for the unlawful barrier created by Defendants' refusal to provide captioning services for their archived videos and live streaming of their legislative proceedings. Thus, Plaintiff Sierra and other members of the NAD have been effectively barred from accessing the Defendant's online video/audio and live streaming content.

34. On or about July 10, 2017, Plaintiff Sierra requested that the Florida Senate and the Florida House of Representatives provide auxiliary aids and services including but not limited to captioning of audios/videos on their website and captioning for their live legislative proceedings.  Plaintiff made the request via United States Postal Service Certified Mail.

35. Defendants have not responded to Plaintiff Sierra's letter and  have failed to provide Plaintiff Sierra and other members of the NAD with any of the requested auxiliary aids and services for their live streamed and archived content.

36.  Plaintiff Sierra filed a complaint against the Florida House and the Florida Senate with the FCC pursuant to the CVAA.

37. In response to the complaint, Defendants stated to the FCC that the legislative proceedings "are delivered and archived without closed captioning" online and "the video player used to display videos does not display closed captioning as an option." *See Exhibit 1*.

38. The FCC dismissed the CVAA complaint. *See Exhibit 2*.

39. Plaintiff Sierra and other members of the NAD have been and continue to be

unable to access both live streamed and archived audios/videos due to the lack of captioning.

40. Defendants have not provided auxiliary aids or services, including but not limited to captioning services, for those audio and video recordings Defendants have made available via their website, or through forms of social media including Defendants' YouTube channels and Facebook pages. As of this filing, those video and audio live streams and recordings remain inaccessible to Plaintiffs.

41. At all times relevant, Defendants have been recipients of federal financial assistance.

42. Defendants have acted with deliberate indifference regarding the unlawful practices described herein because Defendants are aware of the availability of auxiliary aids and services and do not provide any such services, including but not limited to captioning, for their content identified above, and have failed to provide such auxiliary aids and services upon notice of Plaintiff Sierra's request for the same.

43. Plaintiffs have retained J. Courtney Cunningham, PLLC and Scott R. Dinin, PA as legal counsel in this action.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

44. Plaintiffs adopt the allegations in the foregoing paragraphs as if fully set forth herein, and further state:

45. Plaintiff Sierra and other members of the NAD are substantially limited in the major life activity of hearing and are therefore individuals with a disability.

46. Plaintiff Sierra and other members of the NAD are qualified individuals with a disability because they are eligible to participate in and benefit from Defendants' audio/video

content.

47. Defendants' streaming of audio/video content is a service, program or activity within the definition of Title II of the Americans with Disabilities Act.

48. As public entities, Defendants must take appropriate steps to ensure that their communications with individuals with disabilities are as effective as communications with others, and furnish the appropriate auxiliary aids and services (such as captioning) to afford individuals with disabilities an equal opportunity to participate in, and enjoy the benefits of their services, programs, or activities; 28 C.F.R. § 35.160 (auxiliary aids and services mandate); *id.* § 35.104 (defining auxiliary aids and services to include captioning).

49. Plaintiff Sierra has on different occasions visited Defendants' online sites or pages that Defendants own or operate and was unable to understand Defendants' audiovisual content available on sites or pages that Defendants own or operate.

50. Plaintiff Sierra requested that Defendants provide an auxiliary aid and service—captioning—to make accessible their live and archived audio/videos of legislative proceedings.

51. Defendants failed to provide auxiliary aids and services for Plaintiff Sierra and members of the NAD after receipt of Plaintiff Sierra's request for the same and for the archived videos.

52. Defendants have denied Plaintiff Sierra and members of the NAD the opportunity to meaningfully participate in or benefit from the programs, services and activities afforded to persons who are not deaf or hard of hearing.

53. Defendants have failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied participation in a service, program or activity,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

54. Defendants have intentionally discriminated against Plaintiff Sierra and other members of NAD by failing to provide auxiliary aids and services for archived audio/video and live streaming (online) content in a format accessible to individuals who are deaf or hard of hearing who require auxiliary aids and services (such as captioning) to comprehend such audio/video content.

55. Plaintiff Sierra and other members of the NAD remain unable to meaningfully access the Defendants' audio/video archives as well as live steaming content.

56. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff Sierra has sustained injuries and damages including pain and suffering, mental anguish and other non-pecuniary losses.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

57. Plaintiffs adopt the allegations in the foregoing paragraphs as if fully set forth herein.

58. Plaintiff Sierra and other members of the NAD are substantially limited in the major life activity of hearing and are therefore individuals with a disability.

59. Plaintiff Sierra and other members of the NAD are otherwise qualified individuals with a disability because they are eligible to participate in and benefit from Defendants' audio/video content.

60. Defendants' audio/video content includes live and archived legislative proceedings. None of the archived audio/video content is captioned and neither are the live

streamed legislative proceedings.

61. At all times relevant, Defendants have been recipients of federal financial assistance bringing Defendants under Section 504 the Rehabilitation Act which prohibits discrimination against qualified or otherwise qualified individuals in the recipient's "programs or activities".

62. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of State or local government. Defendants are a state government and/or an agency of a state government. 29 U.S.C. § 794(b)(1)(A).

63. Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal financial assistance "be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c)(3).

64. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no otherwise qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against solely on the basis of disability.

65. Plaintiff Sierra requested that Defendants provide auxiliary aids and services such as captioning to ensure that the live and archived audios/videos of legislative proceedings are accessible.

66. Defendants have failed to provide Plaintiffs with the requested auxiliary aids and services.

67. Plaintiffs have been denied meaningful access to Defendants' live and archived audio/video content solely by reason of disability. This denial of access subjected Plaintiffs to discrimination, excluded Plaintiff Sierra and members of the NAD from participation in and the benefits of Defendants' live and archived audio/video streaming service. As of this filing, the audios/videos remain uncaptioned and inaccessible to Plaintiffs.

68. Defendants have intentionally discriminated against Plaintiff Sierra and other members of the NAD and/or similarly situated deaf or hard of hearing constituents by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are deaf or hard of hearing, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

69. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff Sierra has sustained injuries and damages including emotional pain and suffering, mental anguish and other non-pecuniary losses.

WHEREFORE the Plaintiffs request relief as set forth below:

A. A declaratory judgment finding that Defendants have violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and the relevant implementing regulations of the ADA and Rehabilitation Act, in that Defendants have taken no action that was reasonably calculated to ensure that the live streamed and archived audio/video content of legislative proceedings is fully accessible to, and independently usable by, individuals who are deaf or hard of hearing;

B. A permanent injunction which directs Defendants to take all steps necessary to bring their audio/video content/player into full compliance with the requirements set forth in the

Americans with Disabilities Act and relevant implementing regulations and in Section 504 of the Rehabilitation Act, and its implementing regulations, so that their audio/video content/player is fully accessible to, and independently usable by, individuals who are deaf or hard of hearing, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

  C. That Defendants ensure that all employees involved in website audio/video content development and maintenance be given web accessibility training on a periodic basis;

  D. That Defendants create an accessibility policy that will be posted on their website, along with an e-mail address and toll-free phone number to report accessibility-related problems.

  E. Payment of compensatory damages to Plaintiff Sierra;

  F. Payment of reasonable attorneys' fees and costs; and

  G. All other relief this Court deems necessary and just.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 2nd day of April 2018.

                              Respectfully Submitted,

                              By: */s/ Juan Courtney Cunningham*
                              J. COURTNEY CUNNINGHAM, PLLC
                              Co-Counsel to Plaintiff
                              FBN. 628166
                              8950 SW 74th Court, Suite 2201
                              Miami, FL 33156
                              Tel: (305) 351-2014
                              Email: cc@cunninghampllc.com

                              By: /*s/Scott Dinin*
                              Scott R. Dinin, Esq.
                              Scott R. Dinin, P.A.
                              Co-Counsel to Plaintiff
                              4200 NW 7th Avenue
                              Miami, Florida 33127
                              Tel: (786) 431-1333
                              Email: inbox@dininlaw.com