UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-21232-UNGARO

NATIONAL ASSOCIATION
OF THE DEAF, et. al.,

        Plaintiffs,

v.

STATE OF FLORIDA, et. al.,

        Defendants.

**DEFENDANTS THE FLORIDA SENATE, FLORIDA HOUSE OF REPRESENTATIVES, SENATE PRESIDENT, AND HOUSE SPEAKER'S ANSWER TO THE COMPLAINT**

Defendants the Florida Senate; the Florida House of Representatives; Wilton Simpson, in his official capacity as President of the Senate; and Chris Sprowls, in his official capacity as the Speaker of the House (collectively, the "Legislature") answer the Complaint (ECF No. 1). All allegations of the Complaint not specifically admitted below are denied.

## INTRODUCTION

1. The Legislature admits that this is an action under Title II of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973 and that the action is filed against the named defendants. The Legislature otherwise denies the allegations of paragraph 1.

2. The Legislature admits that not all of the videos of legislative proceedings linked on the House and Senate websites are captioned and otherwise denies the allegations of paragraph 2.

3. The Legislature admits that the plaintiffs assert claims under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act and otherwise denies the allegations of paragraph 3.

4. The Legislature admits that the plaintiffs seek declaratory and injunctive relief and compensatory damages but denies any entitlement to such relief.

## JURISDICTION AND VENUE

5. The Legislature admits that this Court has subject-matter jurisdiction over this action.

6. The Legislature admits that venue is proper in this District and otherwise denies the allegations of paragraph 6.

7. The Legislature denies the allegations of paragraph 7.

8. The Legislature admits that one of plaintiffs' counsel filed an informal complaint (No. 2199813) with the Federal Communications Commission on January 29, 2018, that the Florida Channel provided a response attached to the Complaint as Exhibit 1, and that the Federal Communications Commission determined that "no further action is required," as reflected in Exhibit 2 to the Complaint. The Legislature refers the Court to the referenced documents for their actual language and complete content and otherwise denies the allegations of paragraph 8 and footnote 1.

## PARTIES

9. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13.

14. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16. The Legislature admits that the State of Florida is a public entity within the meaning of Title II and otherwise denies the allegations of paragraph 16.

17. The Legislature admits that the Florida Senate is a public entity within the meaning of Title II of the Americans with Disabilities Act and otherwise denies the allegations of paragraph 17.

18. The Legislature admits the allegations of paragraph 18, except that Wilton Simpson currently serves as Senate President.

19. The Legislature admits that the Florida House of Representatives is a public entity within the meaning of Title II of the Americans with Disabilities Act and otherwise denies the allegations of paragraph 19.

20. The Legislature admits the allegations of paragraph 20, except that Chris Sprowls now serves as Speaker of the House.

21. On information and belief, the Legislature admits that the Florida State University Board of Trustees FSU Board of Trustees is a public body corporate and sets policy for and is the governing board of FSU. The Legislature otherwise denies the allegations of paragraph 21

22. The Legislature admits the allegations of paragraph 22.

**GENERAL ALLEGATIONS**

23. The Legislature admits the allegations of paragraph 23.

24. The Legislature admits the allegations of paragraph 24.

25. On information and belief, the Legislature admits that Florida State University owns or operates the Florida Channel; that the Florida Channel provides closed captioning for live feeds that it produces that are shown on television; that the Florida Channel can only display one feed on television at a time; that the Florida Channel has a website with livestreaming of all legislative sessions and some committee meetings; that the Florida Channel is able to livestream and record up to 15 events at the same time;  but  that these are raw feeds and do not have closed captioning, except for the programming files taken from live television produced feed that are fully produced with graphics, closed captioning and other production elements. The Legislature otherwise denies the allegations of paragraph 25.

26. The Legislature admits the allegations of paragraph 26.

27. The Legislature admits that the Florida House and Senate have posted videos to YouTube and Facebook and otherwise denies the allegations of paragraph 27.

28. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

29. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29.

30. The Legislature denies the allegations of paragraph 30.

31. The Legislature admits the allegations of paragraph 31.

32. The Legislature denies the allegations of paragraph 32.

33. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of the plaintiffs' intent and otherwise denies the allegations of paragraph 33.

34. The Legislature admits that Plaintiff Sierra sent a letter dated May 24, 2017 to the House Sergeant at Arms requesting captioning on some video content related to "the past legislative session" and respectfully refers the Court to the letter for its actual language and complete content. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegation that Mr. Sierra sent the referenced letter via certified mail. The Legislature otherwise denies the allegations of Paragraph 34.

35. The Legislature denies the allegations of paragraph 35.

36. The Legislature admits that one of plaintiffs' counsel submitted a complaint (No. 2199813) to the Federal Communications Commission on January 29, 2018, refers the Court to the complaint for its actual language and complete content, and otherwise denies the allegations of paragraph 36.

37. The Legislature admits that paragraph 37 contains a partial quotation from a letter from the Florida Channel that is attached as Exhibit 1 and otherwise denies the allegations of paragraph 37.

38. The Legislature admits that the Federal Communications Commission concluded that "no further action is required" in response to the aforementioned complaint, as reflected in Exhibit 2.

39. The Legislature denies the allegations of paragraph 39.

40. The Legislature denies the allegations of paragraph 40.

41. The Legislature denies the allegations of paragraph 41.

42. The Legislature denies the allegations of paragraph 42.

43. The Legislature admits that J. Courtney Cunningham and Scott R. Dinin have appeared as Plaintiffs' counsel in this action and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43.

## COUNT I
## ALLEGED VIOLATION OF TITLE II OF THE ADA

44. The Legislature incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45.

46. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46.

47. The Legislature denies the allegations of paragraph 47.

48. The Legislature admits the existence of the cited regulations and otherwise denies the allegations of paragraph 48.

49. The Legislature lacks knowledge or information sufficient to form belief about the truth of the allegations of paragraph 49.

50. The Legislature incorporates by reference its response to the allegations of paragraph 34.

51. The Legislature denies the allegations of paragraph 51.

52. The Legislature denies the allegations of paragraph 52.

53. The Legislature denies the allegations of paragraph 53.

54. The Legislature denies the allegations of paragraph 54.

55. The Legislature denies the allegations of paragraph 55.

56. The Legislature denies the allegations of paragraph 56.

## COUNT II
## ALLEGED VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

57. The Legislature incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 58.

59. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59.

60. The Legislature denies the allegations of paragraph 60.

61. The Legislature denies the allegations of paragraph 61.

62. The Legislature admits that the House and Senate are the type of entities described in 29 U.S.C. § 794(b)(1)(A) and otherwise denies the allegations of paragraph 62. Insofar as paragraph 62 may be understood to allege that the House or Senate received federal financial assistance at any relevant time, the Legislature expressly denies such allegation.

63. The Legislature admits that paragraph 63 quotes from 29 U.S.C. § 701(c)(3) and otherwise denies the allegations of paragraph 63.

64. The Legislature denies the allegations of paragraph 64.

65. The Legislature incorporates by reference its response to the allegations of paragraph 34.

66. The Legislature denies the allegations of paragraph 66.

67. The Legislature denies the allegations of paragraph 67.

68. The Legislature denies the allegations of paragraph 68.

69. The Legislature denies the allegations of paragraph 69.

## ADDITIONAL DEFENSES

The Legislature pleads the following additional defenses based upon its understanding of this case at this time and reserves the right to offer additional defenses at a later time. The Legislature's listing of any issue as a defense is intended to protect against any waiver of an issue should it be deemed to be an affirmative defense and is not a concession that the Legislature bears the burden of proof on the issue. *See* Fed. R. Civ. P. 8(c)(2).

1. The Complaint fails to state a claim for which relief can be granted.

2. The plaintiffs' claims are barred, in whole or in part, because the plaintiffs lack standing to pursue their claims.

3. The plaintiffs' claims are barred, in whole or in part, by the Legislature's immunity from suit under the Eleventh Amendment to the United States Constitution.

4. The plaintiffs' claims are barred, in whole or in part, by legislative immunity.

5. The plaintiffs' claims are barred, in whole or in part, because the relief they seek would be unduly burdensome or result in a fundamental alteration of the relevant programs, services, or activities.

6. The closed-captioning services on the videos of legislative proceedings reasonably accommodate individuals who are hearing impaired and generally exceed the captioning provided for other States' legislative proceedings.

7. The plaintiffs' requested remedy would improperly impose a one-size-fits-all captioning requirement regardless of the importance of any particular government proceeding and the other sources of information about legislative proceedings.

8. The plaintiffs' claims are barred, in whole or in part, because the Legislature is not an information content provider under 47 U.S.C. § 230 for the online content at issue in this action.

9. The plaintiffs' claims are barred, in whole or in part, because the online content at issue in this action meets or exceeds the captioning obligations for online video programming established by the Twenty-First Century Communications and Video Accessibility Act of 2010 and its implementing regulations.

10. The plaintiffs' claims are barred, in whole or in part, because the absence of captions on the videos that are the subject of this action does not meaningfully impair plaintiffs' ability to follow legislative proceedings, given the many other means of following legislative proceedings, including print and broadcast media, legislators' online written statements, public-interest organizations' dissemination of information about legislative proceedings, written legislative materials available on the House and Senate websites (including the House and Senate Journals, staff analyses, schedules, and vote tallies), and televised proceedings on the Florida Channel (which capture the legislative proceedings that would generate the greatest public interest).

WHEREFORE, the Legislature respectfully requests that the Court enter judgment for the Legislature and award the Legislature its costs and attorney fees and such further relief as the Court deems just and proper.

Respectfully submitted:

/s/ Jonathan L. Williams
Jonathan L. Williams
Fla. Bar No. 117574
Jonathan L. Williams, P.A.
113 S. Monroe Street
Tallahassee, FL 32301

(850) 706-0940
jw@jonathanwilliamslaw.com

*Counsel for the Florida Senate, the Florida House of Representatives, the Senate President, and the House Speaker*