UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-21232-UNGARO

NATIONAL ASSOCIATION
OF THE DEAF, et. al.,

        Plaintiffs,

v.

STATE OF FLORIDA, et. al.,

        Defendants.

**DEFENDANTS THE STATE OF FLORIDA, FLORIDA STATE UNVERSITY BOARD OF TRUSTEES, AND JOHN THRASHER'S ANSWER TO THE COMPLAINT**

Defendants the State of Florida, Florida State University ("FSU") Board of Trustees, and John Thrasher, in his official capacity as President of Florida State University, (collectively the "Defendants") answer the Complaint (ECF No. 1).  The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.  All allegations of the Complaint not specifically admitted below are denied.

## INTRODUCTION

1. Admitted that this action has been brought under Title II of the Americans with Disabilities Act of 1990 and section 504 of the Rehabilitation Act of 1973 and that the action is filed against the defendants named in the Complaint. Any remaining allegations are denied.

2. Admitted that not all of the videos of legislative proceedings linked on the websites of the Florida House of Representatives ("the House") and the Florida Senate ("the Senate") are captioned.  Further admitted that WFSU TV, The Florida Channel ("TFC") provides closed captioning for the live feed that it produces that is shown on television; that TFC can only display one feed on television at a time; that TFC has a website with livestreaming of legislative sessions and committee meetings; that TFC is able to livestream and record up to 15 events at the same time on its website; but that these are raw feeds and do not have closed captioning, except for the programming files taken from live television produced feed that are fully produced with graphics, closed captioning and other production elements.  Any remaining allegations are denied.

3. Admitted that Plaintiffs purport to assert claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"). Any remaining allegations are denied.

4. Admitted that Plaintiffs seek declaratory and injunctive relief and compensatory damages. Any remaining allegations are denied.

## JURISDICTION AND VENUE

5. Admitted that the Court has subject-matter jurisdiction over this action.

6. Admitted that venue is proper in this District. Any remaining allegations are denied.

7. Denied.

8. Admitted that one of plaintiffs' counsel filed an informal complaint (No. 2199813) with the Federal Communications Commission ("FCC") on January 29, 2018, that TFC provided a response attached to the Complaint as Exhibit 1, and that the FCC determined that "no further action is required," as reflected in Exhibit 2 to the Complaint. The exhibits speak for themselves. Any remaining allegations are denied.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

16. Admitted that the State of Florida is a public entity within the meaning of Title II of the Americans with Disabilities Act ("ADA").  Any remaining allegations are denied.

17. Admitted that the Florida Senate is a public entity within the meaning of Title II of the ADA.  Any remaining allegations are denied.

18. Admitted that Joe Negron was the Senate President and that he is being sued solely in his official capacity.  Further admitted that Wilton Simpson currently serves as Senate President.

19. Admitted that the Florida House of Representatives is a public entity within the meaning of Title II of the ADA.  Any remaining allegations are denied.

20. Admitted that Richard Corcoran was the Speaker of the House of Representatives and that he is being sued solely in his official capacity.  Further admitted that Chris Sprowls now serves as Speaker of the House of Representatives.

21. Admitted that the FSU Board of Trustees is a public body corporate and sets policy for and is the governing board of FSU.  Admitted that FSU is a public entity within the meaning of Title II of the ADA. Any remaining allegations are denied.

22. Admitted.

## GENERAL ALLEGATIONS

23. Admitted.

24. Admitted.

25. Admitted that FSU owns or operates TFC, that TFC provides closed captioning for live feeds that it produces that are shown on television; that TFC can only display one feed on television at a time; that TFC has a website with livestreaming of all legislative sessions and some committee meetings; that TFC is able to livestream and record up to 15 events at the same time; but that these are raw feeds and do not have closed captioning, except for the programming files taken from live television produced feed that are fully produced with graphics, closed captioning and other production elements. The referenced exhibit speaks for itself.  Any remaining allegations are denied.

26. Admitted.

27. Admitted that the Florida House and Senate have posted videos to YouTube and Facebook. Admitted that the Florida Channel does post on its Facebook page.  Any remaining allegations are denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

30. Denied.

31. Admitted that the referenced livestreaming and on demand video services are made available and are of benefit to the public. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore deny them.

32. Denied.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiffs' intent, and therefore deny them. Any remaining allegations are denied.

34. Admitted that Plaintiff Sierra sent a letter dated May 24, 2017 to the House Sergeant at Arms requesting captioning on some video content related to "the past legislative session"; the letter speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Mr. Sierra sent the referenced letter via certified mail. Any remaining allegations are denied.

35. Denied.

36. Admitted that one of Plaintiffs' counsel submitted a complaint (No. 2199813) to the FCC on January 29, 2018; the document speaks for itself. Any remaining allegations are denied.

37. Admitted that the allegations include a partial quotation from a letter from TFC that is attached as Exhibit 1; the exhibit speaks for itself. Any remaining allegations are denied.

38. Admitted that the FCC concluded that "no further action is required" in response to the referenced complaint. Exhibit 2 speaks for itself. Any remaining allegations are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that J. Courtney Cunningham and Scott R. Dinin have appeared as Plaintiffs' counsel in this action. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore deny them.

## COUNT I
## ALLEGED VIOLATION OF TITLE II OF THE ADA

44. Defendants adopt and incorporate by reference the foregoing paragraphs of their Answer as if fully set forth herein.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

47. Denied.

48. Admitted as to the existence of the cited regulations. Any remaining allegations are denied.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

50. Defendants adopt and incorporate by reference their response to paragraph 34 above.

51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.

## COUNT II
## ALLEGED VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

57. Defendants adopt and incorporate by reference the foregoing paragraphs of their Answer as if fully set forth herein.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

60. Defendants adopt and incorporate by reference their response to paragraph 2 above.

61. Denied.

62. Admitted that FSU, the House, and the Senate are the type of entities described in 29 U.S.C. § 794(b)(1)(A). The Rehabilitation Act speaks for itself. Any remaining allegations are denied.

63. The Rehabilitation Act, including the portion cited and quoted in the paragraph, speaks for itself. Any remaining allegations are denied.

64. The Rehabilitation Act, including the portion cited and characterized in the paragraph, speaks for itself. Any remaining allegations are denied.

65. Defendants adopt and incorporate by reference their response to paragraph 34 above.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## DEFENSES

1. The Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs lack standing to pursue their claims.

3. Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

4. Plaintiffs' claims are barred, in whole or in part, by legislative immunity.

5. Plaintiffs' claims are barred, in whole or in part, because the relief they seek would be unduly burdensome or result in a fundamental alteration of the relevant programs, services, or activities.

6. The closed captioning services with respect to legislative activities provided by TFC qualify as a reasonable accommodation under the ADA and RA and generally exceed the closed captioning services provided with respect to other States' legislative activities.

7. Plaintiffs' requested remedy would improperly impose a one-size-fits-all captioning requirement regardless of the importance of any particular government proceeding and the availability of other sources of information about legislative proceedings.

8. Plaintiffs' claims are barred, in whole or in part, because Defendants are not information content providers under 47 U.S.C. § 230 for the online content at issue in this action.

9. Plaintiffs' claims are barred, in whole or in part, because the online content at issue in this action meets or exceeds the captioning obligations for online videos set by the Twenty-First Century Communications and Video Accessibility Act of 2010 and its implementing regulations.

10. Plaintiffs' claims are barred, in whole or in part, because the absence of captions on the videos that are the subject of this action does not meaningfully impair Plaintiffs' ability to follow legislative proceedings, given the many other means of following legislative proceedings, including print and broadcast media, legislators' online written statements, public-interest organizations' dissemination of information about legislative proceedings, written legislative materials available on the House and Senate websites (including the House and Senate Journals, staff analyses, schedules, and vote tallies), and televised proceedings on TFC (which capture the legislative proceedings that would generate the greatest public interest).

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and award them their costs and attorney fees and such further relief as the Court deems just and proper.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL OF FLORIDA**

*/s/ Blaine H. Winship*
Blaine H. Winship
Fla. Bar No. 356913
Chief Assistant Attorney General
Complex Litigation Bureau
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
(850) 414-3300
Blaine.Winship@myfloridalegal.com

*Counsel for the State of Florida, the Florida State University Board of Trustees, and John Thrasher, in his official capacity as President of Florida State University*