UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:18-cv-21232-UU

NATIONAL ASSOCIATION FOR THE
DEAF and EDDIE I. SIERRA,

    Plaintiffs,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## JOINT STATUS REPORT

**1. Summary of the Parties' Claims and Defenses**

Plaintiffs' Statement:

Defendants in this case are public entities that have failed to caption online audiovisual content made available to members of the public. The Florida Senate and Florida House of Representatives, stream live their proceedings online. The legislative chambers also post audiovisual content on their websites and social media. Florida State University owns or operates WFSU which also makes legislative proceedings available online.

Defendants have repeatedly refused Plaintiffs' requests that these materials be captioned. As a result, Plaintiff Eddie Sierra and members of the Plaintiff National Association of the Deaf are unable to access the content that Defendants stream or otherwise post online.

Defendants' refusal to provide captioning is the result of intentional discrimination. Sierra requested captioning in July 2017, and Plaintiffs filed this lawsuit in April 2018. Several legislative sessions have come and gone without Defendants taking corrective action. Another

1

legislative session just began, and Defendants still do not caption legislative proceedings despite repeated requests for such captioning.

Defendants' Statement:

The Defendants deny that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires captions on the videos of legislative proceedings that stream on their websites. By way of background, the Florida Channel maintains cameras at fixed locations throughout the Capitol that record legislative proceedings as they happen. The Florida Channel selects the proceedings that it believes are likely to be of the most public interest and airs them on television. The Florida Channel captions the proceedings that air on TV even though it maintains that it would be eligible for an exemption under applicable regulations based on the cost of captioning relative to its revenue. *See* 47 C.F.R. § 79.1(d)(11) (providing that captioning on TV is not required when the cost of captioning exceeds 2 percent of a channel's gross revenues). Because many legislative proceedings often occur simultaneously and the Florida Channel can air only one proceeding live on television at a time, many legislative proceedings do not appear on the Florida Channel's captioned TV feed. To complement the Florida Channel's TV offerings, the Florida Channel, House, and Senate also stream live, unedited videos of legislative proceedings that do not appear on television on their websites, free of charge. Their websites also provide visitors access to certain archived videos of legislative proceedings. These videos allow individuals who cannot travel to the Capitol, including individuals with mobility impairments, to easily view the videos of legislative proceedings that do not air on television. Defendants are aware of no similar transparency initiative in any other State.

The Defendants contend that requiring captions on these videos would impose a substantial disincentive to making them easily available to the public that is not required by federal law. To the contrary, Congress specifically weighed the costs and benefits of requiring online videos to bear closed captions when enacting the Twenty-First Century Communications and Video Accessibility Act ("CVAA") and chose not to require captions on videos that, like the videos at issue here, did not previously air on television. *See* 47 U.S.C. § 613(c)(2). Even if Title II or the Rehabilitation Act could be understood to require captions on online-only videos under some circumstances, requiring captions on the videos at issue would fundamentally alter defendants' provision of the videos and be unduly burdensome, financially and administratively, particularly given the many simultaneous events that occur during the legislative session, often with limited notice and alongside major sporting events that strain the availability of qualified stenographers. For these and other reasons, the defendants deny all liability.

2. **Explanation of the Nature of the Relief Sought and the Legal Basis for Such Relief**[1]

Title II of the Americans with Disabilities Act requires public entities to provide auxiliary aids and services when necessary to ensure effective communication.  42 U.S.C. § 12132; 28 C.F.R. § 35.160.  Section 504 of the Rehabilitation Act similarly requires recipients of federal financial assistance to provide such auxiliary aids and services necessary for effective communication.  29 U.S.C. § 794; *see also, e.g.*, *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012).

---

[1] Defendants did not draft and do not join in this portion of the joint status report, which they understand to seek the Plaintiffs' explanation of the relief they seek and the basis for relief. Defendants disagree with various aspects of Plaintiffs' statement, including any suggestion that the Eleventh Circuit's decision resolved whether the Defendants have waived sovereign immunity by accepting federal financial assistance.

Both Title II and section 504 provide for declaratory relief, injunctive relief, and damages. *E.g.*, *Nat'l Ass'n of the Deaf v. Florida, et al.*, 980 F.3d 763, 774 (11th Cir. 2020); *Liese*, 701 F.3d 334, 342 (11th Cir. 2012). The statutes similarly provide for reasonable attorneys' fees and costs. 29 U.S.C. § 794a(b); 42 U.S.C. § 12205. The Eleventh Circuit held that Defendants are not entitled to sovereign immunity. *Nat'l Ass'n of the Deaf*, 980 F.3d at 774.

Plaintiffs seek a declaration that Defendants have and continue to violate Title II and section 504 by failing to caption legislative proceedings and other audiovisual content posted online. Plaintiffs seek an injunction requiring Defendants to caption such proceedings and content. Plaintiff Eddie Sierra seeks damages. Plaintiffs seek their reasonable attorneys' fees and costs incurred in vindicating their federal civil rights.

3. **Statement of Uncontested Facts**

   a.    The websites of the Florida Channel, House, and Senate contain links to videos of Florida legislative proceedings that do not have captions.

   b.    In 2017, Mr. Sierra wrote to the House and Senate concerning the absence of captions on videos of legislative proceedings.

   c.    The Florida Channel, House, and Senate have continued to provide links to uncaptioned live and archived videos of legislative proceedings on their websites.

4. **Brief Summary of the Issues as Presently Known**

   a.    Whether the Florida Senate and the Florida House of Representatives are recipients of federal financial assistance subject to section 504 of the Rehabilitation Act.

   b.    Whether Eddie Sierra is a qualified individual with a disability.

  c.  Whether Defendants' failure to caption videos of legislative proceedings available on their websites and other online audiovisual content constitutes unlawful discrimination against Eddie Sierra and members of the National Association of the Deaf.

  d.  Whether Defendants may be held liable for video content on their websites that they did not create.

  e.  Whether Defendants intentionally discriminated against Eddie Sierra.

  f.  Whether Mr. Sierra experienced "emotional pain and suffering, mental anguish, and other non-pecuniary loss," as alleged.

  g.  Whether the State of Florida is a proper defendant in this action.

  h.  Whether the individual defendants, who are sued only in their official capacities alongside the governmental entities that they lead, should be dismissed as redundant.

  i.  Whether requiring defendants to caption online videos of legislative proceedings would cause an undue financial or administrative burden or constitute a fundamental alteration of the service provided.

  j.  Whether the National Association of the Deaf has associational standing to pursue its claims.

  k.  Whether the Court should declare that Defendants have violated Title II and section 504 and enter an injunction requiring them to caption legislative proceedings and other audiovisual content posted online.

**5. Discovery**

The Parties exchanged initial disclosures before the interlocutory appeal and will amend and/or supplement them as appropriate under Fed. R. Civ. P. 26(e).  The Parties propose the following deadlines:

| | | |
|---|---|---|
| a. | Plaintiffs' deadline to disclose experts: | July 2, 2021 |
| b. | Defendants' deadline to disclose experts: | August 2, 2021 |
| c. | Plaintiffs' deadline to disclose rebuttal experts: | August 16, 2021 |
| d. | Deadline to complete discovery: | September 15, 2021 |

**6. Dispositive Motions**

The Parties anticipate filing dispositive motions on liability.  The Parties propose that dispositive motions be due on October 15, 2021, with the opposition brief due 21 days after the motion is filed, and any reply brief due 14 days after the opposition brief is filed.

**7. Projected Time Necessary for Trial**

The Parties anticipate that trial should last four to five full days.

**8. Unique Legal or Factual Aspects of the Case Requiring Special Consideration by the Court**

None.

**9. Any Potential Needs for References to a Special Master or Magistrate**

None.

**10. The Status and Likelihood of Settlement**

<u>Plaintiffs' Statement</u>: Plaintiffs have stated to Defendants a belief that this case should settle sooner rather than later because deaf individuals continue to be unable to access legislative proceedings and the cost of providing captioning is less than the cost of litigating this case.

<u>Defendants' Statement</u>: Defendants state that the parties have had informal settlement discussions and participated in the Eleventh Circuit's mediation program during the interlocutory appeal, and that the Defendants are open to additional discussions should the Plaintiffs wish to discuss settlement in good faith. Defendants further state that Plaintiffs' statement is inappropriate in a filing of this type because, among other reasons, it is not germane to the status or likelihood of settlement (the topic the Court asked the parties to address) and serves only as an attempt to prejudice the Court against the Defendants for defending against claims that the Defendants believe are unsupported by federal law and would impose unwarranted costs on Florida taxpayers that would continue indefinitely. Defendants decline to treat Plaintiffs' inflammatory statement (for which Plaintiffs offer no basis and which would remain improper, in any event) as an opportunity to divulge settlement communications between the parties that the Court has not sought or to engage in a tit for tat with the Plaintiffs about the relative costs of litigation versus captioning the video content at issue here.

**11. Such Other Matters as May Aid the Court in the Fair and Expeditious Administration and Disposition of this Action**

The House and Senate note that House and Senate are currently in session, which means that the individuals who will be responsible for providing discovery on the Legislature's behalf are currently under significant burdens until the end of session. The 2021 legislative session is expected to conclude April 30, 2021.

Respectfully submitted,

/s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
J. Courtney Cunningham, PLLC
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Phone: (305) 351-2014
cc@cunninghampllc.com

Michael Steven Stein, Esq.
Stein & Vargas, LLP
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 510-9553
Fax: (888) 778-4620
michael.stein@steinvargas.com

Marc Charmatz, Esq.
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Phone: (301) 587-7732
Fax: (301) 587-1791
marc.charmatz@nad.org

*Counsel for Plaintiffs*

/s/ Jonathan L. Williams
Jonathan L. Williams
Fla. Bar No. 117574
Jonathan L. Williams, P.A.
113 South Monroe Street, First Floor
Tallahassee, FL 32301
(850) 706-0940
jw@jonathanwilliamslaw.com

*Counsel for Defendants the Florida Senate, the Florida House of Representatives, the Senate President, and the Speaker of the House*

/s/ Blaine H. Winship
Blaine H. Winship
Chief Assistant Attorney General
Complex Litigation Bureau
Fla. Bar No. 356913
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel.: (850) 414-3300
Fax: (850) 488-4872
Blaine.Winship@myfloridalegal.com

*Counsel for Defendants State of Florida, Florida State University Board of Trustees, and John Thrasher*