UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:18-cv-21232

NATIONAL ASSOCIATION FOR THE
DEAF and EDDIE I. SIERRA,

     Plaintiffs,

v.

STATE OF FLORIDA, *et al.*,

     Defendants.

_____/

### PLAINTIFFS' RESPONSE TO THE LEGISLATIVE DEFENDANTS' "UNOPPOSED" MOTION TO RESET TRIAL DATES

On June 15, 2021, the Florida Senate and the Florida House of Representatives ("the Legislative Defendants") filed an "unopposed motion" to continue the trial dates in this matter. [Doc. No. 69].  The Legislative Defendants' motion, however, advanced arguments going to the merits that Plaintiffs did not consent to, and Plaintiffs file this brief response to correct the record.

Counsel for the Legislative Defendants had contacted Plaintiffs' counsel requesting consent to a motion to reset the trial dates to avoid a conflict with the Florida Legislature's legislative calendar.  Ex. A, Stein Aff. ¶ 5.  Plaintiffs consented, and were provided a copy of the proposed order (subsequently filed as Doc. No. 69-4), and agreed to the language of this proposed order that focused solely on the need to reschedule the trial to avoid conflict with the Florida Legislature's legislative sessions.  *Id.* ¶¶ 6-7.

Subsequently, however, counsel for the Legislative Defendants filed an "unopposed" motion [Doc. No. 69] that, in addition to describing the conflict between the trial dates and the

1

legislative calendar, also advanced arguments that go to the merits of the case and which came as a complete surprise to Plaintiffs.  Ex. A, Stein Aff. ¶ 8.  Plaintiffs did not consent to the Legislative Defendants advancing such arguments under the guise of an unopposed motion, and vigorously oppose these arguments going to the merits.  *Id.*  Counsel for the Legislative Defendants did not show this "unopposed" motion to counsel for Plaintiffs prior to filing it with the Court.  *Id.*

Plaintiffs' counsel asked counsel for the Legislative Defendants to file a corrected motion, and provided options including removing those contested arguments or simply noting that Plaintiffs dispute these arguments that go to the merits of the case.  *Id.* ¶¶ 9-10.  Counsel for the Legislative Defendants declined, noting that in the interim, this Court had granted the motion to reset trial dates.  *Id.* ¶ 13.  Plaintiffs accordingly files this notice to correct the record and preserve their rights regarding the disputed issues in this case.

Briefly, this case was brought by the National Association of the Deaf and Eddie Sierra, a deaf individual, against defendants, including the Florida Senate, Florida House of Representatives, and Florida State University, for not making online audiovisual legislative content accessible to individuals who are deaf or hard of hearing in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Compl. [Doc. No. 1].

Plaintiffs filed the Complaint on April 3, 2018.  *Id.*  Defendants chose not to take corrective action, instead filing a motion to dismiss, *inter alia*, on grounds of sovereign immunity.  During the course of briefing, defendants argued that Plaintiffs can access the legislative process through alternative written materials such as vote tallies.  *E.g.*, Legislative

Defendants' Motion to Dismiss [Doc. No. 14], at 10-11.  Plaintiffs opposed, noting that such information does not enable individuals who are deaf or hard of hearing to understand how or why legislators voted in a particular way.  Such information is essential for deaf and hard of hearing individuals to be able to contact legislators about specific issues and hold legislators accountable at the voting booth.  *E.g.*, Pls.' Br. [Doc. No. 22] at 1-2, 3, 11.  Judge Ungaro denied in full the defendants' motion to dismiss.  *Nat'l Ass'n of the Deaf et al., v. State of Florida, et al.*, 318 F. Supp. 3d 1338 (S.D. Fla. 2018).  The Eleventh Circuit affirmed.  *Nat'l Ass'n of the Deaf, et al. v. State of Florida, et al.*, 980 F.3d 763 (11th Cir. 2020), *reh'g en banc denied*, 2021 U.S. App. LEXIS 663 (11th Cir. Jan. 11, 2021).

In the "unopposed" motion, however, the Legislative Defendants repeated the arguments it previously made regarding alternative written materials.  *See* Doc. No. 69 at ¶¶ 8-9.  The Legislative Defendants' statement, made under the guise of an "unopposed" motion, is in fact disputed, as shown by prior briefing in this case.  *See supra*.  To be clear, Plaintiffs vigorously dispute the arguments made by the defendants regarding alternative written materials.

The Legislative Defendants further argued that some legislative proceedings are shown on television with captions.  Doc. No. 69 at ¶ 10.  However, as all defendants have admitted in their responsive pleadings, only select legislative proceedings are televised, and they do not caption proceedings that are not televised.  Answer of the Legislative Defendants [Doc. No. 58] at ¶ 25; Answer of the State of Florida and Florida State University [Doc. No. 59] at ¶ 25.  This content that is not televised are a subject of this lawsuit.  It was misleading for the Legislative Defendants to suggest that it is "unopposed" that it is acceptable for it to arrange for only a fraction of the legislative proceedings to be captioned.

Finally, the Legislative Defendants suggest that since Google Chrome now offers an auto-captioning feature for all audiovisual content on the internet, it is relieved from any obligation to ensure that its videos are accessible to individuals who are deaf or hard of hearing. The problems with auto-captioning are well-documented.  *See, e.g.*, Emma Gray Ellis, *The Problem with Youtube's Terrible Closed 'Craptions'*, WIRED (Oct. 1, 2019, 8:00 AM), https://www.wired.com/story/problem-with-youtubes-terrible-closed-craptions (describing problems with auto-captioning for Youtube, which is also owned by Google).  Whether defendants can rely on a third party with which it has no contacts or control over, and which provides difficult-to-understand captioning is at issue in this lawsuit, and it was misleading for the Legislative Defendants to imply that their use of Google Chrome is "unopposed".

When counsel for the Legislative Defendants sought consent from Plaintiffs regarding the motion to reset trial dates, the attorney had stated only that the motion would be filed to avoid conflicts with the Florida legislature's calendar, and provided a draft proposed order discussing only the need to avoid a conflict with the legislative calendar.  Counsel for the Legislative Defendants provided no notice that he would advance, in the guise of an "unopposed" motion, arguments on the merits that are contrary to Plaintiffs' position in this case.

Although this case has been pending for more than three years and the reset trial dates prolong the period in which deaf and hard of hearing individuals do not have meaningful access to the online audiovisual content that is the subject of this lawsuit, Plaintiffs consented to the Legislative Defendants' motion as a courtesy to the Legislative Defendants.  Plaintiffs did not and do not consent to the Legislative Defendants' motion to the extent that it advances arguments going to the merits of the case.  Since counsel for the Legislative Defendants declined

to file a corrected motion regarding the nature of what was "unopposed," Plaintiffs accordingly file this brief response to correct the record.

Respectfully submitted,

By:     s/J. Courtney Cunningham
        J. Courtney Cunningham, Esq.
        J. Courtney Cunningham, PLLC
        8950 SW 74th Court, Suite 2201
        Miami, FL 33156
        Phone: (305) 351-2014
        cc@cunninghampllc.com

        Michael Steven Stein, Esq.
        Stein & Vargas, LLP
        10 G Street NE, Suite 600
        Washington, DC 20002
        Phone: (202) 510-9553
        Fax: (888) 778-4620
        michael.stein@steinvargas.com

        Marc Charmatz, Esq.
        National Association of the Deaf
        Law and Advocacy Center
        8630 Fenton Street, Suite 820
        Silver Spring, MD 20910
        Phone: (301) 587-7732
        Fax: (301) 587-1791
        marc.charmatz@nad.org

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel for all parties.

s/J. Courtney Cunningham
J. Courtney Cunningham